**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMMERSON MEDICAL, INC. § | |
| § | |
| vs. § | |
| § | CASE NO. 2:08-CV-161 |
| MENTICE AB; MENTICE SA; § | |
| SIMBIONIX USA CORP; and § | |
| SIMBIONIX LTD. § | |

**ORDER GRANTING TRANSFER**

**I.     Introduction**

Before the Court are the defendants Simbionix USA Corp.'s and Simbionix Ltd.'s (collectively "Simbionix") motion to transfer venue (Dkt. No. 23) and Mentice AB's and Mentice SA's (collectively "Mentice") motion to transfer venue (Dkt. No. 52). The Court, having considered the venue motions and the arguments of counsel, hereby GRANTS the motions to transfer venue to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *See In re Volkswagen of Am., Inc.* (*Volkswagen III*), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.    Factual and Procedural Background**

The plaintiff Immerson Medical, Inc. ("Immerson") is a Maryland corporation and has its principal place of business in Gaithersburg, Maryland. Mentice AB is a Swedish company and has its principal place of business in Gothenburg, Sweden. Mentice SA is a Swiss company and has its

principal place of business in Morges, Switzerland. Simbionix USA Corp. is a Delaware corporation and has its principal place of business in Cleveland, Ohio. Simbionix, Ltd. is an Israeli company and has its principal place of business in Lod, Israel.

On April 16, 2008, Immerson filed its complaint in the Eastern District of Texas against the defendants, accusing Mentice and Simbionix of infringing U.S. Patent No. 5,821,920 ("the '920 patent"), U.S. Patent No. 5,844,392 ("the '392 patent"), U.S. Patent No. 6,106,301 ("the '301 patent"), and U.S. Patent No. 6,323,837 ("the '837 patent"). Simbionix filed its motion to transfer venue to the Northern District of Ohio on July 11, 2008. Mentice filed its motion to transfer venue to the Northern District of Ohio on February 24, 2009.

## III.    Analysis

### A.    Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech*, 566 F.3d 1338*; In re TS Tech USA Corp*., 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth

Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

    **B.**    **Proper Venue**

As a threshold matter, the court must determine if venue is proper in the Northern District of Ohio. Venue requirements are satisfied in patent infringement cases "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Immerson contends that the defendants have not provided sufficient facts demonstrating that the case may have been brought originally in the Northern District of Ohio.

Simbionix USA has its principal place of business in the Northern District of Ohio. The court's review of the record indicates that the defendants' products have made their way into the Northern District of Ohio and, under a stream of commerce theory, such evidence is ordinarily found to be sufficient to warrant the exercise of personal jurisdiction over defendants in patent cases. The record, considered as a whole, leads the court to conclude that this case could have been filed in the proposed transferee venue.

### C.      **Private Interest Factors**

####      *1.      Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. The defendants' sources of proof are primarily located in Evanston, IL and Cleveland, OH, which are significantly closer to the Northern District of Ohio than the Eastern District of Texas. Physical evidence located in Sweden, Switzerland, and Israel would be equally inconvenient to transport to either the Northern District of Ohio or the Eastern District of Texas. Immerson has not identified any sources of proof residing in the Eastern District of Texas. Furthermore, because Immerson in located in Maryland, the Northern District of Ohio would be more convenient for the plaintiff than the Eastern District of Texas.

Although some sources of proof are located overseas, the proximity of evidence in Illinois and Ohio to the Northern District of Ohio resembles the situation in *In re TS Tech*. In *TS Tech*, all of the sources of proof were located within 300 miles of the proposed transferee district, the Southern District of Ohio, and the original venue, the Eastern District of Texas, was about 900 additional miles away. *In re TS Tech Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). While not all of the sources of proof are closer to the Northern District of Ohio than the Eastern District of Texas in this case, a substantial amount of the defendants' physical evidence is closer to the Northern District of Ohio. Accordingly, this factor weighs in favor of transfer.

####      *2.      Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits courts' subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. Neither party has identified any non-party witnesses residing within 100 miles of

Marshall, Texas. On the other hand, the defendants indicate that some non-party witnesses may reside in the Northern District of Ohio and would be subject to compulsory process. In addition, the defendants have identified Bertec employees and a named inventor of the '488 patent who reside near Columbus, Ohio. The Northern District of Ohio has subpoena power over these witnesses, but subject to a motion to quash. Thus, the factor is slightly favors transfer.

### 3. Cost of Attendance for Willing Witnesses

Next, the court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of Ohio. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d 201, 205 (5th Cir. 2004).

The issues here are similar to those discussed above in ease of access to sources of proof. Many of Simbionix's employees are located in Cleveland, Ohio, which is within the proposed transferee venue. Mentice has a number of party witnesses in Evanston, Illinois, which is closer to the Northern District of Ohio than the Eastern District of Texas. Witnesses located in other countries would be equally inconvenienced by attending trial in either location. The parties have not identified any party witnesses would find the Eastern District of Texas significantly more convenient than the Northern District of Ohio.

This situation is somewhat comparable to *TS Tech*. In *TS Tech*, all of the identified witnesses were located within 300 miles of the transferee court in Ohio, while the transferor court, the Eastern District of Texas, was an additional 900 miles away. *In re TS Tech*, 551 F.3d 1315, 1320 (Fed. Cir.

2008). Because the cost of attendance is higher in the Eastern District of Texas than in the Northern District of Ohio, this factor weighs in favor of transfer.

### 4. *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Immerson argues that it will be prejudiced by a transfer because it has expended considerable time and effort preparing for trial in this district. The court agrees that money spent on local counsel and some efforts will be wasted if this case is transferred. But efforts spent on substantive patent issues, such as claim construction, validity, and infringement, are equally applicable in the Northern District of Ohio. In all, this factor is neutral.

### D. **Public Interest Factors**

#### 1. *Court Congestion*

The court must consider how quickly a case will come to trial and be resolved. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* The evidence of docket congestion and time to trial is conflicting and does not appear to favor one venue over the other. Therefore, the court finds this factor is neutral.

#### 2. *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d 201, 206 (5th Cir. 2004). Interests that "could apply virtually to any judicially district or division in the United States," such as the nationwide sale of infringing

products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d 304, 318 (5th Cir. 2008); *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

The defendants assert that the Northern District of Ohio has a local interest in hearing this case because Simbionix is located within that district; in contrast, none of the parties have offices in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321 (noting that none of the parties had an office in the Eastern District of Texas, so this district lacked a local interest). Thus, the Northern District of Ohio's local interest in this dispute favors transfer.

### 3. *Familiarity with the Governing Law*

Both the Northern District of Ohio and the Eastern District of Texas are familiar with federal patent law, so this factor is neutral.

### 4. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

## IV. Conclusion

Considering all of the private and public interest factors, the defendants have met their burden of showing that the Northern District of Ohio is clearly more convenient than the Eastern District of Texas. Therefore, the motion to transfer venue is GRANTED.

In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. The clerk is to transfer the above titled case to the Northern District of Ohio.

 
SIGNED this 29th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE